```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  THOMAS M. ROLAND III,                       :
                                              :
                            Plaintiff,        :
                                              :
            -v-                               :     12-CV-6331 (JPO)
                                              :
  DANIEL McMONAGLE, JUSTIN TAFT, JED          :     OPINION AND ORDER
  SAUL, JOSEPH HOROS, and MICHAEL             :
  McCOOEY,                                    :
                                              :
                            Defendants.       :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

This case involves the alleged forced medication and physical assault of Plaintiff Thomas M. Roland III, a prisoner in New York. On October 9, 2015, the Court issued an Order denying the motion for summary judgment on Roland's due process claim filed by Defendants Daniel McMonagle, Justin Taft, and Jed Saul (collectively "Defendants"). (Dkt. No. 118.) That Order rejected Defendants' argument that they were entitled to summary judgment because they acted in reliance on the judgment of Diane Stefanuk, a prison nurse. (*Id.* at 8.) Defendants now move for reconsideration of the Court's decision. (Dkt. No. 122.)

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (Oetken, J.) (citation omitted). Ordinarily, the final showing—manifest injustice—requires that the movant demonstrate that the Court overlooked a key fact in the record or a controlling point of law. *See*

1

*Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Defendants previously argued that any force they used to medicate Roland was reasonable because they were "entitled to rely on and not question the medical judgment of the mental health nurse if she found it medically necessary to medicate [P]laintiff." (Dkt. No. 101 at 7.) The Court rejected this argument because, while prison officials may be entitled to rely on a nurse's determination that forced medication is necessary, Defendants stipulated that Nurse Stefanuk made no such judgment in this case. (Dkt. No. 118 at 8.) The Court's Order cited Defendants' Rule 56.1 Statement, in which they averred (1) that forced medication requires documentation and (2) that Nurse Stefanuk had "only had one occasion where medication was administered over an inmate's objection in her presence . . . which did not involve [P]laintiff . . . ." (Dkt. No. 100 ¶¶ 16-17.) The Court also reviewed Nurse Stefanuk's declaration, which Defendants filed in support of their motion for summary judgment. (Dkt. No. 105.) In that declaration, Nurse Stefanuk stated that, had she made a judgment that forced medication was necessary, she would have documented it. (*Id.* at ¶¶ 5-7.)

Defendants now argue that, if they forcibly medicated Roland, they did so in reliance on "the apparent medical judgment of Nurse Stefanuk." (Dkt. No. 122 at 2.) They assert, in other words, that even if Nurse Stefanuk did not in fact authorize forced medication, they were entitled to assume that she had. This argument recasts Defendants' earlier assertions and highlights disputed issues of material fact about Nurse Stefanuk's conduct. It does not, however, alter the Court's analysis of the law.

Having reviewed the record and the parties' memoranda of law, including each of the cases Defendants' cite to support their argument, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record.  Plaintiff's motion to reconsider is therefore DENIED.

The Clerk of Court is directed to close the motion at Docket Number 122.

SO ORDERED.

Dated: November 16, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge